```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

LISA JACOBS,                      )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   CIVIL ACTION No.
                                  )   14-14695-NMG
                                  )
ROBERT FARRELL,                   )
                                  )
          Defendants.             )
```

### MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court denies plaintiff's Motion (Docket No. 8) for Relief from Clerical Errors and Motion (Docket No. 9) for Reconsideration.

**A. Background**

Plaintiff Lisa Jacobs initiated this action by filing a pro se complaint against the Clerk of Court. With her complaint, she filed a motion for leave to proceed in forma pauperis. By Memorandum and Order dated June 3, 2015, the Court granted Jacob's motion and advised her that she must show cause why this action should not be dismissed, or she shall file an amended complaint. See Docket No. 4.

The time for responding to the Court's June 3, 2015 Memorandum and Order expired on July 8, 2015. When no response was filed by Jacobs, the action was dismissed without prejudice on July 23, 2015. See Docket No. 6.

On August 13, 2015, Jacobs filed a motion for relief from clerical errors. See Docket No. 8. In this motion, she

contends, among other things, that she has not received notices from the clerk in this and nine other cases. Id. Five days later, on August 18, 2015, she filed a motion for reconsideration. See Docket No. 9. In this motion, she argues, among other things, that her original complaint was based on winning complaints that had previously been filed in court. Id. She seeks permission to amend her original complaint. Id.

**B. Discussion**

Here, plaintiff's two motions fail to specifically indicate under which rule her motions arise. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60. Rule 59(e) of the Federal Rules of Civil Procedure provides 28 days to file a motion to alter or amend a judgment. Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to grant a party relief from a prior final judgment for certain enumerated reasons.[1]

To the extent Jacobs seeks reconsideration under Rule 59(e),

---

[1] The rule provides for relief on the following grounds: "mistake, inadvertence, surprise or excusable neglect," Fed.R.Civ.P. 60(b)(1); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed.R.Civ.P. 60(b)(2); "fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed.R.Civ.P. 60(b)(3); "the judgment is void," Fed.R.Civ.P. 60(b)(4); "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," Fed.R.Civ.P. 60(b)(5); or "any other reason that justifies relief," Fed.R.Civ.P. 60(b) (6).

the Court may grant a Rule 59(e) motion for reconsideration "only where the movant shows a manifest error of law or newly discovered evidence." Kansky v. Coca-Cola Bottling Co., 492 F.3d 54, 60 (1st Cir. 2007). The Court has "substantial discretion and broad authority" to grant a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008).

To the extent that plaintiff seeks reconsideration pursuant to Rule 60, such a motion will be allowed only if the movant presents newly discovered evidence, shows there has been an intervening change in the law or demonstrates "that the original decision was based on a manifest error of law or was clearly unjust." Noel v. Walt Disney Parks & Resorts U.S., Inc., No. 10-40071, 2011 WL 6258334, at *1 (D. Mass. 2011). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id.

Plaintiff's motions fail to specifically indicate under which subsection her motions arise, but by their nature, it

appears that plaintiff seeks to have the dismissal set aside, perhaps pursuant to subsection six (any other reason that justifies relief).

The Court is convinced it committed no error of law in dismissing this action and denies her motions for reconsideration. Plaintiff has not shown a manifest error of law or newly discovered evidence. Although plaintiff seems to contend that she has not received notices from the Court in her several cases, the Court notes that she received email notification of this Court's orders as well as notification by regular mail. Moreover, the docket for this case does not indicate that the Court's June or July orders were returned to the Court as undeliverable. Because plaintiff has failed to bear her burden under Rules 59(e) and 60(b)(6), the motions are denied.

### C. Conclusion

Accordingly, it is hereby ORDERED that:

(1) Plaintiff's Motion (Docket No. 8) for Relief from Clerical Errors is Denied.

(2) Plaintiff's Motion (Docket No. 9) for Reconsideration is Denied.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 21, 2015